## SPICERS & PECKHAM *v.* CHARLES L. HARVEY.

The plaintiffs made for the defendant certain castings on defendant's order, at an agreed price, and after patterns furnished by him, to be paid for when delivered. Some castings had been delivered and paid for, some had been delivered and not paid for, and others had been made and were retained by the plaintiffs for payment, before being delivered. Testimony was offered by plaintiffs that their bill, containing charges for the castings still retained, as well as for those delivered, had been presented to defendant, who had admitted its correctness and promised to pay it ; that the castings retained had been attached in this suit ; that after the attachment, defendant told plaintiffs to hold on to them for a few days and he would pay for them, saying he did not want them removed ; and that the castings were of no value to the plaintiffs except as old iron. The defendant testified that he only promised to pay for the castings received, and never admitted any liability for those which were retained by the plaintiffs, without saying, however, that the castings were not made on his order and according to pattern, or that he had ever disclaimed them after learning that they had been made for him. *Held*, 1st. That subject to the lien of the plaintiffs for the price, the castings became the property of the defendant, who, until they were attached, was entitled to them upon tendering payment. 2d. That the plaintiffs were entitled to recover, not only the price of the castings delivered, but also of those made and retained, on a proper count, namely, on a count for goods bargained and sold. 3d. That they could not recover on counts for book account or for goods sold and delivered, or for work and labor done and materials furnished, the only ones in their declaration, but leave was granted them to amend their declaration and insert a count for goods bargained and sold.

DURFEE, J. This is an action of assumpsit for the price of certain castings made by the plaintiffs for the defendant. The declaration contains counts on book account, for goods sold and delivered, for work and labor done, and other common counts, but no count for goods bargained and sold.

The case was tried to the court, the jury trial being waived. It appeared in evidence that the castings were made by the plaintiffs for the defendant on his order, at an agreed price, after a pattern or patterns furnished by the defendant, and were to be paid for when delivered. Some castings had been delivered and paid for; some had been delivered and not paid for, and others had been made and were retained by the plaintiffs for payment before being delivered. One of the plaintiffs testified that their bill, containing charges for the castings still retained, as well as for those delivered, had been presented to the defendant, who admitted it to be correct and had promised a number of times to pay it; that the castings retained had been attached in this suit, and that, after the attachment, the defendant told him to hold on to them for a few days and he would pay for them, saying he did not want them removed. He also testified that the castings were of no value to the plaintiffs except as old iron. The defendant testified that he only promised to pay for castings received; that he never admitted his liability to pay for those which were retained by the plaintiffs. He does not say, however, that the castings were not made on his order and according to pattern, or that he had ever disclaimed them after learning that they had been made for him. We think, considering the contract under which they were made, we may fairly hold, on the evidence before us, that, subject to the lien of the plaintiffs for the price, the castings became the property of the defendant, who, until they were attached, would have been entitled to them upon tendering payment.

The plaintiffs are unquestionably entitled to recover the price of the castings which have been delivered; and also, in our opinion, the price of those which were made and retained, if there is any count in the declaration on which recovery can be had. The plaintiffs claim the right to recover on the counts on

book-account and for goods sold and delivered, which are in legal effect the same thing. We think, however, that the castings, though they may be considered as *sold*, cannot be considered as *delivered*, and that, consequently, the plaintiffs are not entitled to recover the price of them on a count for, goods sold and delivered.

In *Goodall* v. *Skelton*, 2 H. Bl. 316, A. agreed to sell goods to B., who paid a certain sum as earnest; the goods were packed in cloths furnished by B., and deposited in a building belonging to A. till B. should send for them but A. declared at the same time that they should not be carried away till he was paid. It was held that A. could not maintain an action for goods sold and delivered, this not being a delivery to B.

In *Boulter* v. *Arnott*, 1 C. & M. 333, goods sold for ready money were packed up in boxes of the vendee for him and in his presence, but remained on the premises of the vendor, and it was held that goods sold and *delivered*, would not lie.

The plaintiffs also claim the right to recover on the count for work and labor done and materials furnished. They produce no authority in support of the claim, and we are not prepared to assent to it. The defendant did not contract for labor, but for castings of a particular pattern, to be furnished at a stipulated price. At any rate, the more appropriate count is a count for goods bargained and sold ; *Rhodes and others* v. *Thwaites*, 6 B. & C. 388 ; and we think the plaintiffs should be allowed to amend their declaration by adding such a count, and take judgment for their entire claim, unless, the amendment being made, the defendant has further testimony which he wishes to submit.

*Judgment for the plaintiffs.*

*B. N. & S. S. Lapham, for plaintiffs.*

*S. A. Cooke, Jr., for defendant.*